IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ALLEN NEER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-00629-NJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Motion to Vacate, Set Aside or Correct Sentence filed by Petitioner David Allen Neer pursuant to 28 U.S.C. § 2255 (Doc. 1). On March 8, 2013, Neer pleaded guilty to one count of possession of child pornography, pursuant to 18 U.S.C. § 2252(a)(4)(B) (Case No. 3:11-cr-30223-NJR, Doc. 26).[1] Neer now challenges the restitution component of his sentence, claiming that his Presentence Investigation Report identified no victims who were seeking restitution. And, he claims, if the victims do not know about him, then he has not done them any harm.

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 motion must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of

---

[1] Neer pleaded guilty before Magistrate Judge Wilkerson and was sentenced by District Judge G. Patrick Murphy, who retired in December 2013. The criminal case was transferred to the undersigned when this §2255 motion was filed in June 2017.

Neer's motion shows that it must be dismissed, as it plainly appears that he is not entitled to relief.

A motion under § 2255 allows a federal prisoner "in custody . . . claiming a right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Seventh Circuit has held that a criminal defendant who is in custody cannot, under § 2255, challenge a restitution order because the relief requested does not qualify as a "right to be released," as required by § 2255. *United States v. Bania*, 787 F.3d 1168, 1172 (7th Cir. 2015) ("A 28 U.S.C. § 2255 motion, for instance, cannot be used as a vehicle for challenging the restitution component of a sentence."); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997). Accordingly, Neer has failed to state a cognizable claim under § 2255.

Even if Neer had raised a valid claim, the Court notes that his argument would still fail. As part of his plea agreement, Neer acknowledged that he understood restitution was mandatory (Case No. 3:11-cr-30223-NJR, Doc. 26). It is true that the First Amended Presentence Investigation Report entered on May 16, 2013, provides: "To date, there is no information that any victim is seeking restitution." (Case No. 3:11-cr-30223-NJR, Doc. 35, ¶ 82). On June 14, 2013, however, the parties filed a Joint Request for Order of Restitution (Doc. 42). The Joint Request stated that while the Plea Agreement did not address restitution in any detail, among the victims identified in Neer's collection of child pornography were the victims depicted in the "Cindy" and

"Jan_Feb" series (*Id.*). Defendant Neer then "consent[ed] to the entry of an Order of restitution in favor of each victim in the amount of $500 each." In exchange, the Government agreed it would not seek a fine against Neer[2] (*Id.*). Because Neer *consented* to the payment of $1,000 in restitution, to two identified victims, in exchange for the Government choosing not to seek a fine, the restitution order was valid (*See* Case No. 3:11-cr-30223-NJR, Docs. 42, 52). Neer is not entitled to any relief; thus, his motion must be dismissed.

## CERTIFICATE OF APPEALABILITY

Should Neer desire to appeal this Court's ruling dismissing his motion, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. See FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 338 (2003). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate of appealability. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, Neer is not claiming the denial of a constitutional

---

[2] The Government also cited Neer's indigence as a second reason for not seeking a fine.

right and has not stated any grounds for relief under § 2255. Reasonable jurists could not debate that conclusion. Thus, Neer has not made "a substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

## Conclusion

For these reasons, Petitioner David Allen Neer's motion pursuant to 28 U.S.C. § 2255 is **DENIED**. This action is **DISMISSED**, and the Clerk of the Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: March 13, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**